FILED: 8/18/2017 12:33 PM
SHERRI ADELSTEIN
Denton County District Clerk
By: Shelley Mccutcheon, Deputy

CAUSE NO. _____

17-6787-431

| | | |
|---|---|---|
| ERNESTO AGUINAGA, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| V. | § | DENTON COUNTY, TEXAS |
| | § | |
| LOUGHRIDGE LIVESTOCK | § | |
| TRANSPORTATION, INC.; and | § | |
| DARIN DANSBY | § | |
| Defendants. | § | ___ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE, FIRST SET OF INTERROGATORIES, AND FIRST REQUEST FOR PRODUCTION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ERNESTO AGUINAGA, hereinafter referred to as Plaintiff, complaining of LOUGHRIDGE LIVESTOCK TRANSPORTATION, INC. and DARIN DANSBY, hereinafter collectively referred to as Defendants, and would respectfully show as follows:

**1.00   LEVEL OF DISCOVERY CONTROL PLAN**

Pursuant to Texas Rule of Civil Procedure 190.1, discovery is intended to be conducted under Level 3 of Rule 190.4 of the Texas Rules of Civil Procedure.

**2.00   PARTIES**

2.01   Plaintiff is an individual and a resident of Texas.

2.02   Defendant Loughridge Livestock Transportation, Inc. is a corporation with its principal place of business in Oklahoma. Defendant can be served with process by serving its registered agent, Benny Loughridge, at 700 S. Sara Road, Tuttle, OK 73089 or wherever he may be found. Plaintiff requests that citation be issued.

2.03   Defendant Darin Dansby is an individual and is believed to be a resident of the City of

From:LAW OFFICES OF JOHN SALAZAR                2146985656                08/23/2017 13:05:99    #924 P.003/029

Ada, OK. Mr. Dansby can be served with process by serving him at his residence, believed to be at 5662 CR 3425, Ada, OK 74820, or wherever he may be found. Plaintiff requests that citation be issued.

### 3.00   JURISDICTION AND VENUE

3.01   The amount in controversy is within the jurisdictional limits of this Court.

3.02   Denton County is the proper venue for this action pursuant to the Texas Civil Practice and Remedies Code, Section 15.001, *et seq.*, because Denton County is the county where all or substantially all of the acts or omissions giving rise to these claims occurred.

### 4.00   FACTUAL STATEMENT

4.01   The incident made the basis of this lawsuit took place on or about September 24, 2015 at a location described as IH-35 service road in Denton, Denton County, Texas. As a direct and proximate result of the hereinafter described negligence of the Defendants, acting individually and by and through their agents and employees in the course and scope of their agency and employment, Plaintiff has suffered serious personal injuries.

4.02   On or about September 24, 2015, Defendant Dansby, acting in the course and scope of his agency or employment with Defendant Loughridge Livestock Transportation, Inc. and operating a tractor-trailer owned and/or leased by Defendant Loughridge Livestock Transportation, Inc., was traveling northbound on IH-35 service road in Denton, Denton County, Texas. Plaintiff was stopped in a dead end right turn only lane performing maintenance on his vehicle. Defendant Dansby, who was fatigued, drove from his straight lane of travel and struck Plaintiff's vehicle. The impact propelled Plaintiff's vehicle into a power pole. At said time and place, Defendants were guilty of certain acts and/or omissions, each of which constitute negligence, and each of which were

**PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE,**
**FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION**      **Page 2**

a proximate cause of Plaintiff's resulting injuries and damages, which are hereinafter set out.

**5.00   NEGLIGENCE CAUSE OF ACTION:   DEFENDANT DANSBY**

5.01   Defendant Dansby is guilty of the following acts and/or omissions which constitute negligence and were a proximate cause of the Plaintiff's injuries and damages.  Plaintiff would show that at all times material to the occurrence in question, Defendant Dansby was acting in the course and scope of his agency and/or employment with Defendant Loughridge Livestock Transportation, Inc.  Furthermore, Defendant Dansby was a permissive operator of the vehicle owned and/or leased by Defendant Loughridge Livestock Transportation, Inc.

Plaintiff alleges that Defendant Dansby was guilty of negligence in the following manner:

(1)   Failing to control speed;

(2)   Faulty evasive action;

(3)   Failure to avoid hitting Plaintiff's vehicle;

(4)   Driver inattention;

(5)   Hitting the rear of Plaintiff's vehicle;

(6)   Operating a commercial motor vehicle while fatigued;

(7)   Operating a commercial motor vehicle when he was not legally permitted to do so; and

(8)   Operating a commercial motor vehicle while impaired.

5.02   Plaintiff would show that each and every aforementioned act or omission, singularly and severally, constitutes negligence on the part of Defendant Dansby which was a direct and proximate cause of the injuries and damages sustained by Plaintiff.

**6.00   NEGLIGENCE   CAUSE   OF   ACTION:   DEFENDANT   LOUGHRIDGE**

**PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE,**
**FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION      Page 3**

## LIVESTOCK TRANSPORTATION, INC.

6.01    Defendant is guilty of the following acts and/or omissions which constitute negligence and were a proximate cause of the Plaintiff's injuries and damages.  Defendant was negligent as that term is defined by law, and its conduct was, singularly and severally, a proximate cause of the incident in question and Plaintiff's injuries and damages.  When it is alleged that Defendant acted, or failed to act, it is alleged that Defendant did so through the agents, officers, employees, principals, and vice-principals of Defendant, acting within the course and scope of their employment, agency and authority.  Among other acts and omissions, Defendant was negligent in the following respects:

(1)     Negligent entrustment of the vehicle to Defendant Dansby;

(2)     Negligent training of Defendant Dansby;

(3)     Negligent supervision of Defendant Dansby;  and

(4)     Negligent hiring, retention and qualification of Defendant Dansby.

6.02    Plaintiff would show that each and every aforementioned act or omission, singularly and severally, constitutes negligence on the part of Defendant, which was a direct and proximate cause of the injuries and damages sustained by Plaintiff.  Additionally, Defendant is vicariously liable for the negligence of Defendant Dansby.

### 7.00    MALICE / GROSS NEGLIGENCE

The negligence of Defendants, as described herein, was more than mere momentary thoughtlessness, error or inadvertence.  This malice and gross negligence of Defendants, when viewed objectively from the standpoint of Defendants at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others,

**PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE,**
**FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION**          **Page 4**

From:LAW OFFICES OF JOHN SALAZAR          2146985656          09/23/2017 13:09          #524 P.006/029

including Plaintiff, and of which Defendants had actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety and welfare of others, including the Plaintiff. This malice and gross negligence was a proximate cause of the injuries and damages suffered by Plaintiff.

### 8.00   DAMAGES

Plaintiff would show that as a direct and proximate result of the acts and/or omissions committed by Defendants, Plaintiff was caused to suffer serious and permanent personal injuries to Plaintiff's neck, back, head, hip, leg and general body, all of which have caused Plaintiff in the past, and will cause Plaintiff in the future, physical pain, mental anguish, lost wages, loss of earning capacity, physical impairment, disfigurement, medical and hospital expenses, for which Plaintiff should be compensated in accordance with the laws of the State of Texas. Plaintiff further seeks punitive and exemplary damages as appropriate as a result of Defendants' malice and/or gross negligence.

### 9.00   JURY DEMAND

Plaintiff respectfully requests that the trial of this cause be by jury and Plaintiff will tender the requisite jury fee.

### 10.00   RULE 47 STATEMENT OF MONETARY RELIEF SOUGHT

Plaintiff prefers to have the Jury determine the fair amount of compensation for Plaintiff's damages, and it is early in the case to be assessing the full nature and scope of Plaintiff's injuries. As such, Plaintiff places the decision regarding the amount of compensation to be awarded wholly in the Jury's hands. Rule 47 of the Texas Rules of Civil Procedure, however, *requires* Plaintiff to provide a

statement regarding the amount of monetary relief sought. Accordingly, because the Jury should be awarded absolute discretion over the damages and should not be required to keep its award within any artificial caps, Plaintiff states that if the Jury believes the evidence supports it, Plaintiff seeks monetary relief in the category of damages - relief of over $1,000,000.00- but in an amount to be determined by the Jury that could be more or less than the categories the legislature decided a party must choose to obtain basic discovery.

### 11.00   REQUEST FOR DISCLOSURE TO ALL DEFENDANTS

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff hereby requests that Defendant Dansby and Defendant Loughridge Livestock Transportation, Inc. disclose, within 50 days of service, the information or material described in Rule 194.2(a – l).

### 12.00   PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT LOUGHRIDGE LIVESTOCK TRANSPORTATION, INC.

Plaintiff serves this Plaintiff's First Set of Interrogatories on Defendant and, pursuant to Rule 190, et seq., of the Texas Rules of Civil Procedure, requests that Defendant, answer each Interrogatory separately, fully, in writing, and under oath to the extent required under Rule 197. Pursuant to Rule 197, said Defendant shall serve a copy of the Answers upon the Counsel for Plaintiff within fifty (50) days of the service hereof.

### DEFINITIONS AND INSTRUCTIONS

A.    "YOU" and "DEFENDANT" refers to Defendant LOUGHRIDGE LIVESTOCK TRANSPORTATION, INC., its attorneys, insurers, agents, employees, parent corporations, subsidiaries and divisions; any and all predecessor corporations which have merged into or acquired by the defendant; all successor corporations; and all other business entities into which the Defendant has evolved or transformed since the date in question.

B.    "DATE(S) IN QUESTION" refers to on or about September 24, 2015.

C.    "INCIDENT OR OCCURRENCE IN QUESTION" refers to those allegations set forth in

Plaintiff's Original Petition or most recent complaint, which are incorporated herein by reference.

D.     "AREA OF OCCURRENCE" or "SITE IN QUESTION" refers to the area where the collision between the vehicles of Ernesto Aguinaga and Darin Dansby occurred on or about September 24, 2015.

E.     "IDENTIFY": In those instances where the word "identify" is used in these Interrogatories, it should be interpreted as requiring with respect to individuals, the person's name, last known address and telephone number. With respect to documents or things, it should be interpreted as requiring sufficient information regarding the item so that the party seeking the information can locate and identify the object as readily as can the party from whom it is being sought.

F.     DOCUMENT DESTRUCTION: IT IS REQUESTED THAT ALL DOCUMENTS AND/OR OTHER DATA COMPILATIONS WHICH MIGHT IMPACT ON THE SUBJECT MATTER OF THIS LITIGATION BE PRESERVED AND THAT ANY ONGOING PROCESS OF DOCUMENT DESTRUCTION INVOLVING SUCH DOCUMENTS CEASE.

G.     DESIGNATED TIME PERIOD: As used in these Interrogatories refers to the period of time from and including six (6) months prior to the date in question, through and including two (2) months after the date in question.

H.     "OBJECTIONS": To the extent any request is objected to, please set forth the complete reasons for the objections. If you claim privileges as grounds for not answering any request in whole or in part, describe the factual basis for your claim of privilege, including relevant dates and persons involved, in sufficient detail so as to permit the court to adjudicate the validity of the claim. If you object in part to any request, specifically identify the portion of the request to which you are objecting and answer the remainder completely. If there is an objection to the number of requests, please notify Plaintiff's counsel immediately, so that either an agreement may be obtained or the matter may be set for hearing. Any requests for extensions of time must be in writing. Plaintiff's counsel will agree to no extensions of time with respect to objections.

I.     "SUPPLEMENTATION":     These Interrogatories are ongoing. In accordance with Rules 193 and 197 of the Texas Rules of Civil Procedure, Plaintiff requests the answers to these interrogatories be timely supplemented. If individuals with knowledge of relevant facts comes to the Defendant's attention after serving answers to these interrogatories, or if any such individuals, employees, or agents of the Defendant change employment or move before trial, Plaintiff requests that he be timely informed of such developments.

# INTERROGATORIES

## INTERROGATORY NO. 1:

Describe in your own words how the accident occurred and state specifically and in detail what the claim or contention of the Defendant will be regarding any cause or contributing cause of the incident in question, including a statement in detail of the facts or information upon which this contention is based.

## ANSWER:

## INTERROGATORY NO. 2:

Describe any vehicular accidents resulting in personal injuries to any person involved in said accident, including drivers of the Defendant, for a period of three (3) years prior to the occurrence in question which involved either vehicles owned, leased or controlled by you and/or drivers employed, contracted, leased or otherwise operating on behalf of you. For purposes of this Interrogatory, "describe" means a brief description of the vehicular accident, to state the exact location of the vehicular accident, the resulting injuries, date of the accident, the names and last known addresses and telephone numbers of all persons involved or injured as a result of the accident, and whether you or your driver were cited for a violation by any municipal, state or federal investigatory agency or board.

## ANSWER:

## INTERROGATORY NO. 3:

Have any <u>claims</u> been made or lawsuits filed against you for any incident mentioned in your answer to Interrogatory No. 2 above? If so, state the name and last known address of each claimant or plaintiff, the date of such claim or filing of lawsuit, the court, style, and cause number of each lawsuit, and the final disposition of each claim and lawsuit, or its current status.

## ANSWER:

## INTERROGATORY NO. 4: Please describe in detail any conversations, relating or referring to the "occurrence in question," which you have had with the Plaintiff or his representatives following the "occurrence in question". If any of these conversations include any written or recorded statements, please identify as such.

## ANSWER:

## INTERROGATORY NO. 5:

Please "identify" all investigations of the occurrence in question which you conducted or which you have knowledge that have been conducted. Please include the date the investigation

began and the date it ended, and state the name, address and relationship to the Defendant of each individual who participated in any such investigation and whether a written report or statement was made in regards to the investigation.

**ANSWER:**

**INTERROGATORY NO. 6:**

Please "identify" the person or persons in charge of safety, safety programs and/or safety enforcement for Defendant's operations for the period beginning three (3) years before the incident in question until the present.

**ANSWER:**

**INTERROGATORY NO. 7:**

Please describe the legal character of this Defendant, *i.e.*, whether it is a corporation, partnership, franchise, etc. If it is a corporation, please identify the officers and shareholders, including their names and addresses and the state in which the corporation was formed and the date of formation, or if a partnership, please identify all partners, including names and addresses and their partnership interests, and if a subsidiary, the identity of the parent corporation or legal entity.

**ANSWER:**

**INTERROGATORY NO. 8:** Please describe your interest in the vehicle that was involved in the vehicular accident that occurred on or about September 24, 2015 that forms the basis of this lawsuit, *i.e.*, whether you owned, leased or rented the tractor/semitrailer and, if you leased or rented, who the owner of the tractor/semitrailer was on the date in question.

**ANSWER:**

**INTERROGATORY NO. 9:**

Please describe all training programs provided to DARIN DANSBY by Defendant prior to and during his employment, affiliation, or association with Defendant, including the date and location of such training programs; the name, address, and telephone number of individuals in charge of such training programs; and a brief description of the program, including materials (written or visual) used in such programs.

**ANSWER:**

**INTERROGATORY NO. 10:**

With regard to DARIN DANSBY, please state the following:

a. The dates he was employed, affiliated, or associated with you;
b. his current address and telephone number;
c. all driver's licenses and driver's license numbers held by him on the date of the occurrence in question and presently; and
d. if DARIN DANSBY is no longer affiliated with you, the reasons for his departure.

**ANSWER:**

**INTERROGATORY NO. 11:**

Please state the purpose of DARIN DANSBY's travel at the time of the occurrence in question. Please include his point of origin, his intended destination, and stops at any intermediate points prior to the occurrence in question, including initial departure time and departure and arrival times of all intermediate stops.

**ANSWER:**

**INTERROGATORY NO. 12:**

State whether or not DARIN DANSBY was acting within the course and scope of any agency, employment, leased driver, independent contractor relationship or service at the time of the occurrence in question, and describe the type of relationship of the persons and/or entities involved.

**ANSWER:**

**INTERROGATORY NO. 13:**

Please describe any information which you have which might indicate that there was any defect or failure on the part of any vehicle or equipment involved in the collision.

**ANSWER:**

**INTERROGATORY NO. 14:**

Please state whether or not a cellular phone was available to DARIN DANSBY or inside the vehicle that was involved in the collision. If so, please state the cellular telephone number and the service provider.

**ANSWER:**

### 13.00  PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT DARIN DANSBY

Plaintiff serves this Plaintiff's First Set of Interrogatories on Defendant and, pursuant to Rule 190, et seq., of the Texas Rules of Civil Procedure, requests that Defendant, answer each Interrogatory separately, fully, in writing, and under oath to the extent required under Rule 197. Pursuant to Rule 197, said Defendant shall serve a copy of the Answers upon the Counsel for Plaintiff within fifty (50) days of the service hereof.

### DEFINITIONS

In these interrogatories:

1) The words "defendant" and "you" and "your" shall be deemed synonymous and shall be deemed to include any and all agents, servants, employees, attorneys and other representatives of Darin Dansby;

2) The word "person(s)" means all entities, and, without limiting the generality of the foregoing, includes natural persons, joint owners, associations, companies, partnerships, joint ventures, corporations, trusts and estates;

3) The word "document(s)" means all written, printed, recorded or graphic matter, photographic matter or sound reproductions, however produced or reproduced, pertaining in any manner to the subject matter indicated;

4) The words "identify", "identity" and "identification", when used with respect to a person or persons, means to state the present or last known residence and business address of such person or persons, and, if a natural person, his present or last known job title, and the name and address of his present or last known employer;

5) The words "identify", "identity" and "identification", when used with respect to a document, documents or evidence, means to describe the document, documents or evidence by date, subject matter, name(s) or person(s) that wrote, signed, initialed, dictated or otherwise participated in the creation of same, the name(s) of the addressee or addresses (if any) and the name(s) and address(es) of each person or persons who have possession, custody or control of said document, documents or evidence was, but is no longer, in your possession, custody or control, or in existence, state the date and manner of its disposition;

6) The terms "the injury," "the incident" and "the accident" shall mean the motor vehicle collision which occurred between Darin Dansby and PLAINTIFF on or about September 24, 2015 and all injuries suffered by plaintiff as a result of such collision during and subsequent to such

collision.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Please list all violations of the motor vehicle or traffic laws or ordinances with which you have been charged, the date and place of such offenses and the nature of the violation charged within the past five (5) years.

**ANSWER:**

**INTERROGATORY NO. 2:**

Please list all motor vehicle or traffic accidents involving a land or motor vehicle of any type, whether in reference to another vehicle or whether or not the vehicle involved in the incident made the basis of this suit, in which you were involved within the past five (5) years stating the nature of the accident and the date and place of such accident and whether a police report was made.

**ANSWER:**

**INTERROGATORY NO. 3:**

Please state your job history, including the name, address and telephone number of each such employer and your job title(s) for the last ten (10) years.

**ANSWER:**

**INTERROGATORY NO. 4:**

Please state in your own words how the accident in question occurred, specifying, where you were going, where you were coming from, speed, position, direction, and location of each vehicle involved during its approach to, at the time of, and immediately after the collision and who was driving.

**ANSWER:**

**INTERROGATORY NO. 5:**

Please state the name, address, and telephone number of any and all persons known by you, your attorneys, investigators, agents, or representatives, who were or claim to be eyewitnesses to the facts or circumstances tending to prove relevant issues of liability pertinent to the collision made the basis of this lawsuit.

**ANSWER:**

**INTERROGATORY NO. 6:**

Please itemize the damages (specifying what part of the vehicle was damaged and how bad the damage appeared to you) done to your vehicle as a result of the incident in question and state whether you have had such damages repaired or estimated for repair.

**ANSWER:**

**INTERROGATORY NO. 7:**

If you have had such damages as listed in No. 6 repaired, please list the name, address and phone number of the repair shop(s) and itemize the amounts for the repairs and state whether any photographs were taken before such repairs were made.

**ANSWER:**

**INTERROGATORY NO. 8:**

On the date and at the time of the accident, were you in the course and scope of your employment for your employer? If so, please identify the employer, including the name and address. If you were self-employed at that time, please so state.

**ANSWER:**

**INTERROGATORY NO. 9:**

On the date of the accident in question, please list each place you had been that day prior to the accident. Please include the names and addresses of all residences, restaurants, bars, and other places, and include the length of time spent at each place.

**ANSWER:**

**INTERROGATORY NO. 10:**

Please state where you were going at the time of the collision, and the purpose of the trip on the date of the incident made the basis of this lawsuit.

**ANSWER:**

**INTERROGATORY NO. 11:**

Did you consume any alcoholic beverage of any type, or any sedative, tranquillizer, or other drug, medicine, or pill during the forty-eight (48) hours immediately preceding the incident made the basis of this lawsuit.  If so, please state the substance ingested and the amounts and times of ingestion.

**ANSWER:**

**INTERROGATORY NO. 12:**

      If you had any conversation with Plaintiff concerning the occurrence, please identify who was present during any such conversation and exactly what was said by each, with an identification of who said what, including but not limited to statements between you and Plaintiff, between you and the police, between Plaintiff and the police, and any other statements by any person.

**ANSWER:**

**INTERROGATORY NO. 13:**

      Please state the following:

    a.    Your social security number;

    b.    Your drivers' license number and class (if you have a CDL, please state when you first obtained your CDL); and

    c.    Your current residential address and who resides at that address with you.

**ANSWER:**

**14.00  PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT LOUGHRIDGE LIVESTOCK TRANSPORTATION, INC.**

      Plaintiff serves this Plaintiff's First Request for Production on Defendant and, pursuant to Rule 190, et seq., of the Texas Rules of Civil Procedure, requests that Defendant produce the documents or tangible things or copies thereof identified in each Request for Production as they are kept or organized and labeled as requested as required under Rule 196. Pursuant to Rule 196, said Defendant shall serve a copy of the Responses upon the Counsel for Plaintiff within fifty (50) days of the service hereof.

YOU ARE INSTRUCTED THAT IF ANY INFORMATION RESPONSIVE TO THESE REQUESTS IS STORED OR MAINTAINED BY YOU OR ANYONE FROM WHOM YOU HAVE A RIGHT OR ACCESS TO THE INFORMATION, ELECTRONICALLY OR MAGNETICALLY, YOU MUST PRODUCE THIS INFORMATION TO USE ON A DISC FORMATTED FOR MICROSOFT WORD.

NOTICE

PURSUANT TO RULE 193.7 OF THE TEXAS RULES OF CIVIL PROCEDURE, ANY DOCUMENTS PRODUCED BY YOU MAY BE USED IN ANY PRETRIAL PROCEEDING OR AT TRIAL. YOUR PRODUCTION OF ANY DOCUMENTS, IN RESPONSE TO ANY REQUEST HEREIN, AUTHENTICATES THE DOCUMENT(S) FOR USE AGAINST YOU IN ANY PRETRIAL PROCEEDING OR AT TRIAL UNLESS, WITHIN TEN (10) DAYS AFTER

OUR RECEIPT OF YOUR RESPONSES (INCLUDING SUPPLEMENTAL OR AMENDED RESPONSES) YOU OBJECT TO THE AUTHENTICITY OF ANY DOCUMENTS PRODUCED, OR ANY PART THEREOF, STATING THE SPECIFIC BASIS FOR THE OBJECTION TO REQUESTS FOR PRODUCTION TO DEFENDANT.

## DEFINITIONS AND INSTRUCTIONS

A.    "YOU" and "DEFENDANT" refers to Defendant LOUGHRIDGE LIVESTOCK TRANSPORTATION, INC., its attorneys, insurers, agents, employees, parent corporations, subsidiaries and divisions; any and all predecessor corporations which have merged into or acquired by the defendant; all successor corporations; and all other business entities into which the Defendant has evolved or transformed since the date in question.

B.    "DATE(S) IN QUESTION" refers to on or about September 24, 2015.

C.    "INCIDENT OR OCCURRENCE IN QUESTION" refers to those allegations set forth in Plaintiff's Original Petition or most recent complaint, which are incorporated herein by reference.

D.    "AREA OF OCCURRENCE" or "SITE IN QUESTION" refers to the area where the collision between the vehicles of Ernesto Aguinaga and Darin Dansby occurred on or about September 24, 2015.

E.    "IDENTIFY": In those instances where the word "identify" is used in these Request for Production, it should be interpreted as requiring with respect to individuals, the person's name, last known address and telephone number. With respect to documents or things, it should be interpreted as requiring sufficient information regarding the item so that the party seeking the information can locate and identify the object as readily as can the party from whom it is being sought.

F.    DOCUMENT DESTRUCTION: IT IS REQUESTED THAT ALL DOCUMENTS AND/OR OTHER DATA COMPILATIONS WHICH MIGHT IMPACT ON THE SUBJECT MATTER OF THIS LITIGATION BE PRESERVED AND THAT ANY ONGOING PROCESS OF DOCUMENT DESTRUCTION INVOLVING SUCH DOCUMENTS CEASE.

G.    DESIGNATED TIME PERIOD: As used in these Interrogatories refers to the period of time from and including six (6) months prior to the date in question, through and including two (2) months after the date in question.

H.    "OBJECTIONS": To the extent any request is objected to, please set forth the complete reasons for the objections. If you claim privileges as grounds for not answering any request in whole or in part, describe the factual basis for your claim of privilege, including relevant dates and persons involved, in sufficient detail so as to permit the court to adjudicate the validity of the claim. If you object in part to any request, specifically identify the portion of

From: LAW OFFICES OF JOHN SALAZAR      2146985656      08/23/2017 13:25      #924 P.017/029

the request to which you are objecting and answer the remainder completely. If there is an objection to the number of requests, please notify Plaintiff's counsel immediately, so that either an agreement may be obtained or the matter may be set for hearing. Any requests for extensions of time must be in writing. Plaintiff's counsel will agree to no extensions of time with respect to objections.

I.      "SUPPLEMENTATION":     These Interrogatories are ongoing. In accordance with Rules 193 and 196 of the Texas Rules of Civil Procedure, Plaintiff requests the answers to these interrogatories be timely supplemented. If individuals with knowledge of relevant facts comes to the Defendant's attention after serving answers to these interrogatories, or if any such individuals, employees, or agents of the Defendant change employment or move before trial, Plaintiff requests that he be timely informed of such developments.

## DOCUMENTS REQUESTED

1.    All agreements and contracts between all persons, corporations or other entities regarding indemnification for damages arising out of personal injury claims, including the incident in question, occurring at the Site in Question.

2.    All photographs, negatives not yet printed onto photographic papers, slides, pictures, drawings, videotapes, sketches, newspaper articles, or any other depiction of any kind of the area of occurrence. You are to provide true reproductions of all such items; a xerox copy is not acceptable.

3.    Identify and produce any and all excess or umbrella insurance policies or documents or memorandum evidencing the existence of insurance in effect on the date of the occurrence made the basis of this lawsuit.

4.    Copies of all investigation reports or other writings related to the investigation of the incident in question, including witness statements and conclusions, conducted and/or prepared before the commencement of the above-entitled cause of action.

5.    Please produce the Plaintiff's Original Petition; last amended petition; answer; and judgment and/or compromise settlement agreement in any case, arising out of the operation of a motor vehicle, including trailer-tractor rigs owned, leased, or controlled by you or vehicles operated by Defendant's employees, agents, servants, independent contractors, and/or sub-contractors, for the last five (5) years.

6.    Please produce all documents that include any testing, maintenance, or inspection of the vehicle in question that was involved in the accident made the basis of this lawsuit for a period of one year before and three months after the date in question.

7.    All documents evidencing other vehicular collisions, accidents, incidents, and/or occurrences involving motor vehicles owned and/or operated by Defendant, its agents, servants, employees, independent contractors, and/or subcontractors for a period of five (5) years before the occurrence in question.

8.  The complete and unaltered personnel file of Darin Dansby.

9.  A copy of the job description of the position(s) that Darin Dansby was hired, employed, and/or required to perform while in the course and scope of his employment, affiliation and/or association with Defendant.

10. All timesheets or payroll records relating to Darin Dansby which indicate the dates worked, locations of performance of such labor, and reason for such compensation or remuneration for which he was paid wages, compensation, remuneration, and/or salary for a period of one year before and three months after the date in question.

11. A photocopy of the title of the vehicle in question that was involved in the accident made the basis of this lawsuit.

12. A copy of the motor vehicle license (personal, commercial, and/or otherwise) that Darin Dansby used and/or utilized during his operation or driving of the motor vehicles owned, leased, and/or controlled by Defendant, in particular the vehicle in question.

13. All documents including reports and/or memos prepared or received by Defendant that were forwarded to the Department of Transportation or other governmental agency regarding the accident in question made the basis of this lawsuit.

14. All documents, books, reports, manuals, and similar items regarding safety rules and regulations with respect to the operation of tractor-trailer rigs operated by employees, agents, servants, and/or independent contractors of Defendant as to the type of motor vehicle owned or leased by you that was involved in the accident made the basis of this lawsuit.

15. All documents required by Defendant in qualifying Darin Dansby accordance with Federal Motor Carrier Safety Regulations.

16. All documents relating to any disqualification of Darin Dansby made pursuant to Federal Motor Carrier Safety Regulations.

17. Copies of the annual review of Darin Dansby's driving records, as required by Federal Motor Carrier Safety Regulations, for the past five (5) years. **(PLAINTIFF REQUESTS THAT ALL DRIVING LOGS BE PRESERVED.)**

18. Record of Darin Dansby's violations as required by Federal Motor Carrier Safety Regulations, for the past ten (10) years.

19. Darin Dansby's road test, as required by Federal Motor Carrier Safety Regulations.

20. A copy of Darin Dansby's complete qualification file, if not included within his personnel file, as required by Federal Motor Carrier Safety Carrier Regulations.

21.   Any correspondence relating to Darin Dansby's ability to drive a motor vehicle safely (including letters of warning, records of disciplinary or other actions taken against him, etc.), as required by Federal Motor Carrier Safety Carrier Regulations.

22.   Copies of all shipping documents (bill of lading, manifest, etc.) for all freight carried by Darin Dansby on the date of the accident, and for a period of one month prior to and one month subsequent to the date of the accident.

23.   Copies of all road inspection reports for both Darin Dansby's and Defendant's vehicles conducted by state and municipal law enforcement agencies, as required by Federal Motor Carrier Safety Regulations and state and municipal statutes.

24.   Copy of Darin Dansby's vehicle inspection report for the date in question and three months prior to the date in question, to include reports prepared by Darin Dansby and reports prepared by others on the vehicle in question.

25.   The policy and procedure manual regarding operation of the vehicle in question or other vehicles owned or controlled by Defendant that were provided to Darin Dansby.

26.   All incident reports or accident reports, including statements and/or diagrams completed by Darin Dansby following the incident in question.

27.   Any and all photographs, diagrams, videotapes, slides, and/or movie films of the accident scene, parties, and/or vehicles involved in the incident in question.

28.   Any and all drawings, maps, sketches, or models of the site in question which Defendant may use upon the trial of this case.

29.   A list of all drivers operating vehicles owned or controlled by Defendant for a period of six (6) months prior to the date in question.

30.   Any policies relating to accident investigation or accident reporting that you have in place for your drivers now or at the time of the occurrence in question.

31.   All delivery documents evidencing drop-off and/or pick-up of hauls, or equivalent non-privileged records evidencing the same, for Darin Dansby for a period of one month prior to and up through one week subsequent to the occurrence in question.

32.   All contracts, agreements or similar documents for the load Darin Dansby was hauling at the time of the occurrence in question.

33.   All log books maintained by Darin Dansby for the past twelve (12) months preceding the incident in question through the present.

34.   All information kept on any computerized log or on board recording device maintained regarding Darin Dansby for any trips for the past twelve (12) months.

35.   All contents of any trip envelope, including any hotel, food, lodging, fuel or other receipts whether or not contained in the trip envelope or in the possession of Darin Dansby.

36.   All items, materials or written documentation removed from the vehicle in question following the incident in question.

37.   All memorandum or other similar documentation sent to Darin Dansby and any/all other drivers regarding falsification of logs or driving over the federally mandated on-duty limits.

38.   Any documentation downloaded or contained on any fuel receipt, recorder or any other fuel credit card or any other similar system for paying for fuel while on trips for the six (6) months preceding the incident in question, including but not limited to the day in question.

39.   All information contained in any GPS or other system that was aboard the vehicle in question.

40.   All documents, including any computer print-out log, record and/or report regarding the fuel consumption for a period of one month prior to the date of the accident made the basis of this lawsuit of the vehicle that was involved in the accident as well as any other vehicle in which Darin Dansby was driving during this time period.

41.   All documents reflecting company policies and procedures relating to safety, motor vehicle safety, travel policy, sleep and rest requirements, vehicle inspection, driver standards and hiring requirements.

42.   All mileage logs and travel reimbursement records for Darin Dansby for a period of one month prior to and one week subsequent to the occurrence in question.

43.   All lease agreements, employment agreements, independent contractor agreements or any equivalent agreements between you and any other defendant.

44.   All drug tests or similar toxicology tests administered to Darin Dansby at any time that are in your custody, care or control.

45.   Please produce all cellular telephone records for any cell phone that was available to Darin Dansby or in the truck in question on the date of the collision. This request is limited to billing and calling records which include calls made or received on the day of the collision.

46.   All data for a period of six months prior to the incident in question, including the day of the incident in question, contained on the Qualcomm (or any other equivalent on-board computer or messaging device) reel tapes maintained at Defendant's headquarters relating to the vehicle in question.

47.   All data for a period of six months prior to the incident in question, including the day of the incident in question, contained on the Qualcomm (or any other equivalent on-board computer

or messaging device) reel tapes maintained at Defendant's headquarters relating to all vehicles in which Darin Dansby drove for a period of six months prior to the incident in question.

48. All data that you have in your custody, care or control relating to the electronic control module (ECM) on the vehicle in question that you have for a period of fourteen days prior to the incident in question, including the day of the collision.

49. Please produce any and all reservation of rights letters you have received from your insurance carrier regarding the claims in this lawsuit and/or the defense being provided to you and/or any insurance coverage issues or questions regarding the claims in this lawsuit.

50. Please produce any and all letters or correspondence you have received from the insurance carrier providing you a defense in this lawsuit regarding any limitation in insurance coverage and/or the existence of insurance coverage and/or the non-existence of insurance coverage regarding any of the claims made in this lawsuit.

## 15.00  **PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT DARIN DANSBY**

Plaintiff serves this Plaintiff's First Request for Production on Defendant and, pursuant to Rule 190, et seq., of the Texas Rules of Civil Procedure, requests that Defendant produce the documents or tangible things or copies thereof identified in each Request for Production as they are kept or organized and labeled as requested as required under Rule 196. Pursuant to Rule 196, said Defendant shall serve a copy of the Responses upon the Counsel for Plaintiff within fifty (50) days of the service hereof.

YOU ARE INSTRUCTED THAT IF ANY INFORMATION RESPONSIVE TO THESE REQUESTS IS STORED OR MAINTAINED BY YOU OR ANYONE FROM WHOM YOU HAVE A RIGHT OR ACCESS TO THE INFORMATION, ELECTRONICALLY OR MAGNETICALLY, YOU MUST PRODUCE THIS INFORMATION TO USE ON A DISC FORMATTED FOR MICROSOFT WORD.

NOTICE

PURSUANT TO RULE 193.7 OF THE TEXAS RULES OF CIVIL PROCEDURE, ANY DOCUMENTS PRODUCED BY YOU MAY BE USED IN ANY PRETRIAL PROCEEDING OR AT TRIAL.  YOUR PRODUCTION OF ANY DOCUMENTS, IN RESPONSE TO ANY REQUEST HEREIN, AUTHENTICATES THE DOCUMENT(S) FOR USE AGAINST YOU IN ANY PRETRIAL PROCEEDING OR AT TRIAL UNLESS, WITHIN TEN (10) DAYS AFTER OUR RECEIPT OF YOUR RESPONSES (INCLUDING SUPPLEMENTAL OR AMENDED RESPONSES) YOU OBJECT TO THE AUTHENTICITY OF ANY DOCUMENTS PRODUCED, OR ANY PART THEREOF, STATING THE SPECIFIC BASIS FOR THE OBJECTION TO REQUESTS FOR PRODUCTION TO DEFENDANT.

## DEFINITIONS AND INSTRUCTIONS

A.    "YOU" and "DEFENDANT" refers to Defendant Darin Dansby, his attorneys, insurers, agents, employees, and other representatives of Darin Dansby.

B.    "DATE(S) IN QUESTION" refers to on or about September 24, 2015.

C.    "INCIDENT OR OCCURRENCE IN QUESTION" refers to those allegations set forth in Plaintiff's Original Petition or most recent complaint, which are incorporated herein by reference.

D.    "AREA OF OCCURRENCE" or "SITE IN QUESTION" refers to the area where the collision between you and Plaintiff occurred.

E.    "IDENTIFY": In those instances where the word "identify" is used in these Requests for Production, it should be interpreted as requiring with respect to individuals, the person's name, last known address and telephone number. With respect to documents or things, it should be interpreted as requiring sufficient information regarding the item so that the party seeking the information can locate and identify the object as readily as can the party from whom it is being sought.

F.    DOCUMENT DESTRUCTION: IT IS REQUESTED THAT ALL DOCUMENTS AND/OR OTHER DATA COMPILATIONS WHICH MIGHT IMPACT ON THE SUBJECT MATTER OF THIS LITIGATION BE PRESERVED AND THAT ANY ONGOING PROCESS OF DOCUMENT DESTRUCTION INVOLVING SUCH DOCUMENTS CEASE.

G.    DESIGNATED TIME PERIOD: As used in this Request for Production, refers to the period of time from and including twelve (12) months prior to the date in question, through and including twelve (12) months after the date in question.

H.    "OBJECTIONS": To the extent any request is objected to, please set forth the complete reasons for the objections. If you claim privileges as grounds for not answering any request in whole or in part, describe the factual basis for your claim of privilege, including relevant dates and persons involved, in sufficient detail so as to permit the Court to adjudicate the validity of the claim. If you object in part to any request, specifically identify the portion of the request to which you are objecting and answer the remainder completely. If there is an objection to the number of requests, please notify Plaintiff's counsel immediately, so that either an agreement may be obtained or the matter may be set for hearing. Any requests for extensions of time must be in writing. Plaintiff's counsel will agree to no extensions of time with respect to objections.

I.    "SUPPLEMENTATION": These Requests for Production are ongoing. In accordance

**PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE,**
**FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION**      **Page 21**

with Rule 193 of the Texas Rules of Civil Procedure, Plaintiff requests the answers to these requests for production be timely supplemented.

## DOCUMENTS AND THINGS REQUESTED

1. A **certified and complete copy** of any insurance agreement, including the dollar limits and layers of insurance, <u>reinsurance</u> and indemnity provided under such agreement, under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be rendered in this action or to indemnify, <u>reinsure</u> or reimburse for payments made to satisfy the judgment in this cause against you, your agents, vice principals, servants, employees, partners, and joint venturers. In addition, produce all reservation of rights letters issued to Defendant for the above-entitled cause of action.

2. All agreements and contracts between all persons, corporations or other entities regarding indemnification for damages arising out of personal injury claims, including the incident in question, occurring at the Site in Question.

3. All photographs, negatives not yet printed onto photographic papers, slides, pictures, drawings, videotapes, sketches, newspaper articles, or any other depiction of any kind of the issues in this case. This request includes representations of the vehicles involved in the collision, surveillance of the plaintiff, graphic representations of the area of the collision and any other discoverable photographs/electronic images/videotapes that relate to any of the issues in this case. You are to provide true reproductions of all such items; a xerox copy is not acceptable.

4. Identify and produce any and all excess or umbrella insurance policies or documents or memorandum evidencing the existence of insurance in effect on the date of the occurrence made the basis of this lawsuit.

5. Copies of any and all statements previously made by the Plaintiff concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the Plaintiff and any stenographic, mechanical, electrical or other type of recording or any transcription thereof made by the Plaintiff and contemporaneously recorded.

6. Copies of all investigation reports or other writings related to the investigation of the incident in question, including witness statements and conclusions, conducted and/or prepared before the commencement of the above-entitled cause of action.

7. Please produce the plaintiff's original petition; last amended petition; answer; and judgment and/or compromise settlement agreement in any case, arising out of the operation of a motor vehicle, including vehicles owned, leased, or controlled by Darin Dansby or vehicles operated by LOUGHRIDGE LIVESTOCK TRANSPORTATION, INC.'s employees, agents, servants, independent contractors, and/or sub-contractors, for the last ten (10) years.

8.  Please produce a copy of any and all documents, including medical records, relating to Plaintiff that Defendant has obtained through the use of any release, subpoena or document retrieval service or any other method.

9.  Please produce all documents that include any testing, maintenance, or inspection of the vehicle in question that was involved in the accident made the basis of this lawsuit for a period of one year before and six months after the date in question.

10. All documents evidencing other vehicular collisions, accidents, incidents, and/or occurrences involving motor vehicles owned and/or operated by you or LOUGHRIDGE LIVESTOCK TRANSPORTATION, INC.'s agents, servants, employees, independent contractors, and/or subcontractors for a period of five (5) years before the occurrence in question.

11. The complete and unaltered personnel file of DARIN DANSBY.

12. A copy of the job description of the position(s) that DARIN DANSBY was hired, employed, and/or required to perform while in the course and scope of his employment, agency, affiliation and/or association with LOUGHRIDGE LIVESTOCK TRANSPORTATION, INC.

13. All timesheets or payroll records relating to DARIN DANSBY which indicate the dates worked, locations of performance of such labor, and reason for such compensation or remuneration for which he was paid wages, compensation, remuneration, and/or salary for a period of six months before and one month after the date in question.

14. A photocopy of the title of the vehicle in question that was involved in the accident made the basis of this lawsuit.

15. A copy of the motor vehicle license (personal, commercial, and/or otherwise) that DARIN DANSBY used and/or utilized during his operation or driving of the motor vehicles owned, leased, and/or controlled by LOUGHRIDGE LIVESTOCK TRANSPORTATION, INC., in particular the vehicle in question.

16. All documentation that evidenced memos, or communication sent by LOUGHRIDGE LIVESTOCK TRANSPORTATION, INC. to any of its employees or drivers reprimanding an employee or driver for improper driving practices for a period of one year before and six months after the date in question.

17. All documents and/or related documents contained in the driving logs of DARIN DANSBY, including the driving logs themselves, for a period of six (6) months prior to the accident in question made the basis of this lawsuit. (For purposes of this request, said inquiry seeks any records and/or reports compiled by DARIN DANSBY or by LOUGHRIDGE LIVESTOCK TRANSPORTATION, INC. on behalf of DARIN DANSBY.)(**PLAINTIFF REQUESTS THAT ALL DRIVING LOGS BE PRESERVED.**)

18. All documents including reports and/or memos prepared or received by LOUGHRIDGE LIVESTOCK TRANSPORTATION, INC. that were forwarded to the Department of Transportation or other governmental agency regarding the accident in question made the basis of this lawsuit.

19. All documents, books, reports, manuals, and similar items regarding safety rules and regulations with respect to the operation of vehicles operated by employees, agents, servants, and/or independent contractors of LOUGHRIDGE LIVESTOCK TRANSPORTATION, INC. as to the type of motor vehicle owned by you that was involved in the accident made the basis of this lawsuit.

20. All documents, including any computer printout log, record, and/or report regarding the fuel consumption for a period of one month prior to the date of the accident made the basis of this lawsuit of LOUGHRIDGE LIVESTOCK TRANSPORTATION, INC.'s vehicle that was involved in the accident.

21. All documents pertaining to the registration and leasing of the subject vehicle as required by the Federal Motor Carrier Safety Regulations.

22. All documents required by LOUGHRIDGE LIVESTOCK TRANSPORTATION, INC. in qualifying DARIN DANSBY in accordance with Federal Motor Carrier Safety Regulations.

23. All documents relating to any disqualification of DARIN DANSBY made pursuant to Federal Motor Carrier Safety Regulations.

24. Copies of the annual review of DARIN DANSBY's driving records, as required by Federal Motor Carrier Safety Regulations for each of the past ten (10) years.

25. Record of DARIN DANSBY's motor vehicle violations as required by Federal Motor Carrier Safety Regulations, for the past ten (10) years.

26. DARIN DANSBY's road test, as required by Federal Motor Carrier Safety Regulations.

27. A copy of DARIN DANSBY's complete qualification file, if not included within his personnel file, as required by Federal Motor Carrier Safety Carrier Regulations, INCLUDING his driver's application and all material gained in the qualification process of DARIN DANSBY.

28. Any correspondence relating to DARIN DANSBY's ability to drive a motor vehicle safely (including letters of warning, records of disciplinary or other actions taken against him, etc.), as required by Federal Motor Carrier Safety Carrier Regulations.

29. Copies of all shipping documents (bill of lading, manifest, etc.) for all freight carried by DARIN DANSBY at any time on the date of the accident.

30. Copies of all of DARIN DANSBY's accident reports reported to director of the Regional Motor Carrier Safety offices, officer of the Federal Highway Administration (to include subject accident in all previous and subsequent accidents), as required by Federal Motor Carrier Safety Regulations.

31. Copies of all state, municipal, and company accident reports or other accident records in the custody, care, or control of LOUGHRIDGE LIVESTOCK TRANSPORTATION, INC., concerning all accidents in which DARIN DANSBY has been involved, including the accident in question and all accidents prior to and subsequent to the accident in question.

32. Copies of all road inspections for both DARIN DANSBY and the tractor/semitrailer in question conducted by agents of the Federal Highway Administration as required by Federal Motor Carrier Safety Regulations.

33. Copy of DARIN DANSBY's vehicle inspection report for the date in question and three months prior to the date in question, to include reports prepared by DARIN DANSBY and reports prepared by others on the vehicle in question.

34. The policy and procedure manual regarding operation of the vehicle in question or other vehicles owned or controlled by LOUGHRIDGE LIVESTOCK TRANSPORTATION, INC. that was provided to DARIN DANSBY.

35. Copies of all federal and state rules and regulation manuals which apply to drivers of vehicles owned or controlled by LOUGHRIDGE LIVESTOCK TRANSPORTATION, INC. being operated in the State of Texas, which are in the custody, care, or control of Defendant.

36. All documents reflecting company policies and procedures relating to safety, motor vehicle safety, travel policy, sleep and rest requirements, vehicle inspection, driver standards, and hiring requirements.

37. LOUGHRIDGE LIVESTOCK TRANSPORTATION, INC.'s employee handbook and/or driver handbook in effect on the date in question.

38. Any and all photographs, diagrams, videotapes, slides, and/or movie films of the accident scene, parties, and/or vehicles involved in the incident in question.

39. Any and all drawings, maps, sketches, or models of the site in question which Defendant may use upon the trial of this case.

40. Please produce all written policies and procedures, employment handbooks, and/or employment manuals, not previously produced in response to the above requests, including but not limited to: Any terms, conditions, and procedures involved in the employer/employee relationship; recruiting and/or hiring of new employees or drivers; promotions, demotions, and disciplines; maintenance of equipment owned, leased, operated, and/or maintained by LOUGHRIDGE LIVESTOCK TRANSPORTATION, INC.

41. All mileage logs and travel reimbursement records for DARIN DANSBY for a period of one month prior to and up through one week subsequent to the occurrence in question.

42. All delivery documents evidencing drop-off and/or pick-up of hauls, or equivalent non-privileged records evidencing the same, for DARIN DANSBY for a period of one month prior to and up through one week subsequent to the occurrence in question.

43. Please produce all cellular telephone records for any cell phone that was available to DARIN DANSBY or in the vehicle in question on the date of the collision. This request is limited to billing and calling records which include calls made or received on the day of the collision.

44. Please produce all documents that refer to or reflect LOUGHRIDGE LIVESTOCK TRANSPORTATION, INC.'s written policies and procedures regarding the retention of the bills of lading and/or shipping documents for loads picked up by LOUGHRIDGE LIVESTOCK TRANSPORTATION, INC.'s drivers.

45. Please produce any and all documents which reflect surveillance you have conducted of the Plaintiff.

46. Please produce any and all videos and/or photographs you have acquired of the Plaintiff.

47. Please produce all documents which reflect driver safety meetings held at LOUGHRIDGE LIVESTOCK TRANSPORTATION, INC. while you were a LOUGHRIDGE LIVESTOCK TRANSPORTATION, INC. employee, including but not limited to, written materials distributed at the safety meetings and attendance sign-in sheets.

48. Please produce LOUGHRIDGE LIVESTOCK TRANSPORTATION, INC.'s written policies and procedures regarding the investigation of motor vehicle collisions involving LOUGHRIDGE LIVESTOCK TRANSPORTATION, INC.'s drivers.

49. Please produce LOUGHRIDGE LIVESTOCK TRANSPORTATION, INC.'s written policies and procedures regarding the reporting process or reporting requirements for motor vehicle collisions involving LOUGHRIDGE LIVESTOCK TRANSPORTATION, INC.'s drivers.

50. Please produce all of your work schedules for the time period that you were a LOUGHRIDGE LIVESTOCK TRANSPORTATION, INC. employee and/or agent for 1 month before this collision and 1 month after this collision, including the day of this collision.

51. Please produce LOUGHRIDGE LIVESTOCK TRANSPORTATION, INC.'s written policies and procedures regarding the retention of LOUGHRIDGE LIVESTOCK TRANSPORTATION, INC.'s drivers' driving logs and/or driving records.

52. Please produce LOUGHRIDGE LIVESTOCK TRANSPORTATION, INC.'s written policies and procedures regarding the retention of the bills of lading and/or shipping documents for deliveries made by LOUGHRIDGE LIVESTOCK TRANSPORTATION, INC.'s drivers.

53. Please produce LOUGHRIDGE LIVESTOCK TRANSPORTATION, INC.'s written policies and procedures regarding the retention of the bills of lading and/or shipping documents for loads picked up by LOUGHRIDGE LIVESTOCK TRANSPORTATION, INC.'s drivers.

54. Please produce all documents that refer to or reflect LOUGHRIDGE LIVESTOCK TRANSPORTATION, INC.'s written policies and procedures regarding the investigation of motor vehicle collisions involving LOUGHRIDGE LIVESTOCK TRANSPORTATION, INC.'s drivers.

55. Please produce all documents that refer to or reflect LOUGHRIDGE LIVESTOCK TRANSPORTATION, INC.'s written policies and procedures regarding the reporting process or reporting requirements for motor vehicle collisions involving LOUGHRIDGE LIVESTOCK TRANSPORTATION, INC.'s drivers.

56. Please produce all documents that refer to or reflect LOUGHRIDGE LIVESTOCK TRANSPORTATION, INC.'s written policies and procedures regarding the retention of LOUGHRIDGE LIVESTOCK TRANSPORTATION, INC.'s drivers' driving logs and/or driving records.

57. Please produce all documents that refer to or reflect LOUGHRIDGE LIVESTOCK TRANSPORTATION, INC.'s written policies and procedures regarding the retention of the bills of lading and/or shipping documents for deliveries made by LOUGHRIDGE LIVESTOCK TRANSPORTATION, INC.'s drivers.

58. Please produce any and all reservation of rights letters you have received from your insurance carrier regarding the claims in this lawsuit and/or the defense being provided to you and/or any insurance coverage issues or questions regarding the claims in this lawsuit.

59. Please produce any and all letters or correspondence you have received from the insurance carrier providing you a defense in this lawsuit regarding any limitation in insurance coverage and/or the existence of insurance coverage and/or the non-existence of insurance coverage regarding any of the claims made in this lawsuit.

### 16.00  **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Defendants

be cited to appear and answer herein and that upon full and final hearing of this cause, Plaintiff has

judgment of and from the Defendants, as follows:

A.   For all actual damages, both past and future, as prayed for herein;

B.   For punitive and exemplary damages as described herein;

C.   For all of Plaintiff's costs of court;

D.   For pre-judgment interest at the highest legal rate and for the longest period of time allowed by law on all elements of damage claimed herein;

E.   For post-judgment interest at the highest legal rate allowed by law on the amount of the judgment entered by the Court from the date of judgment until collected;

F.   For such other and further relief, both general and specific, at law or in equity, to which this Honorable Court should find Plaintiff to be justly entitled.

Respectfully submitted,

**JOHN R. SALAZAR, P.C.**

**LOUIS S. HAKIM**
State Bar No. 24012761
THE SALAZAR CENTER
2201 Main St., 9th Floor
Dallas, Texas 75201
(214) 696-5292
(214) 698-5656 (Fax)
LHAKIM@JOHNRSALAZAR.COM

**ATTORNEY FOR PLAINTIFF**

<u>**PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE,**</u>
<u>**FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION**</u>    **Page 28**